**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MIGUEL A. DAVILA, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-cv-1092 |
| v. | (JUDGE CAPUTO) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge J. Andrew Smyser. (Doc. 8). After evaluating Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge Recommended that several parties and claims be dismissed. After reviewing the Report and Recommendation and the Plaintiff's Objections (Doc. 10), the Court will adopt the Report and Recommendation with the exception that Plaintiff will be allowed to include the Pennsylvania Department of Corrections as to his Americans with Disabilities Act and the Rehabilitation Act claims. The matter will be recommitted to the Magistrate Judge for further proceedings.

## BACKGROUND

Plaintiff Miguel A. Davila is proceeding *pro se* in this matter. In his Amended Complaint (Doc. 6), Plaintiff alleges the following. Davila is a disabled American with mental health issues including bipolar disorder, post traumatic stress disorder, and depression.

In May of 2009, Davila was involved in an automobile accident with a tractor-trailer. He was charged with driving under the influence by police officers who were indifferent to his

mental health disability.  In July of 2009, Plaintiff's counsel, Defendant Lawler, coerced Davila to waive his right to a preliminary hearing even though he knew Davila was entitled to dismissal of the charges.  This was part of a conspiracy with the Lackawanna County District Attorney's Office to deny Davila his right to a preliminary hearing.

Further conspiracies to violate Davila's rights ensued.  In July of 2010, Defendant Judge Michael J. Barrasse issued an illegal bench warrant for Davila's arrest based on his failure to appear at a hearing he was never notified of.  After Plaintiff presented himself to the court, the bench warrant was lifted.  Then, when Davila informed Defendant Attorney Lawler that he wanted to file a motion to dismiss the charges for an untimely trial,[1] his lawyer declined to do so.  Instead, Defendant Attorney Lawler stated that it was "not the desire of District Attorney [sic] to go to trial," and coerced the Plaintiff into signing a guilty plea.  (Am. Compl. at 49, Doc. 6).  Moreover, Defendant Attorney Lawler lied to Davila, informing him the day before his hearing that it was suddenly rescheduled, which was detrimental to Plaintiff's case as it prevented his State Certified Mental Health Peer Specialist from appearing.  Defendant Lawler also lied to plaintiff about a jury being picked in his *absentia*.

Plaintiff was ordered to serve 90 days incarceration.  Neither Defendant Attorney Lawler nor Defendant Barrasse informed the Plaintiff of his right to appeal.  Plaintiff was finally brought before the court for sentencing on December 7, 2010, but Defendant Judge Barrasse instead postponed the sentencing and ordered the Plaintiff to undergo a psychological and psychiatric evaluation in a state correctional facility.  Again, neither

---

[1]Pennsylvania Rule of Criminal Procedure Rule 600 provides in pertinent part that: "Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed."  Pa. R. Crim. P. Rule 600(A)(3).

Defendant Attorney Lawler nor Defendant Judge Barrasse informed Plaintiff of his right to appeal.  Plaintiff then spent twenty-one days in Lackawanna County Prison before Defendant Judge Barrasse signed the first order to transfer him to SCI-Camp Hill for evaluation.  Moreover, as of December 9, 2010, it had been ninety days since Plaintiff's guilty plea and his sentence had not been imposed in violation of Pa. R. Crim. Pro. 704.[2]  This date also marked the successful completion of Plaintiff's minimum sentence.  When Davila was finally sent for evaluation, he was detained there for longer than the sixty days permitted by Pa. R. Crim. P. 702(b).[3]  While Plaintiff filed a *pro se* motion to dismiss for lack of a speedy trial, that motion was improperly docketed by the Lackawanna County Office of Judicial Records as a letter.

On April 5, 2011, Defendant Judge Barrasse finally sentenced Davila to ninety days incarceration.  This was an illegal sentence, assessed and approved by the Lackawanna County Court of Common Pleas, which denied Plaintiff credit for the 210 days that he had already served.  Davila was further fined and assessed supervision fees for five years of probation.  Judge Barrasse denied the Plaintiff's post-trial motions. Davila filed an appeal

---

[2] Rule 704 provides that a "sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or nolo contendere." Pa. R. Crim. P. 704(A)(1).  Moreover, "[w]hen the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension." *Id.* at 704(A)(2).

[3] Rule 702(B) states in pertinent part that: "After a finding of guilt and before the imposition of sentence, after notice to counsel for both parties, the sentencing judge may, as provided by law, order the defendant to undergo a psychiatric or psychological examination. For this purpose the defendant may be remanded to any available clinic, hospital, institution, or state correctional diagnostic and classification center for a period not exceeding 60 days." Pa. R. Crim. P. 702(B).

3

which is still pending in the Superior Court of Pennsylvania.

Plaintiff filed both his initial Complaint and a Motion for Leave to Proceed *in forma pauperis* on June 7, 2011. On June 14, 2011, Magistrate Judge Smyser screened Davila's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915,[4] granting the application but directing Plaintiff to file an amended complaint. (Doc. 5). Plaintiff filed his Amended Complaint on July 14, 2011. (Doc. 6). The Amended Complaint names twenty-nine separate Defendants, including: (1) the Commonwealth of Pennsylvania; (2) the Pennsylvania Department of Corrections; (3) Lackawanna County; (4) the Lackawanna County Court of Common Pleas; (5) the Lackawanna County Adult Probation Office; (6) the Lackawanna County Office of Judicial Records; (7) the Lackawanna County District Attorney's Office; (8) the Lackawanna County Court Administrator's Office; (9) the Lackawanna County Public Defender's Office; (10) the Scranton Counseling Center; (11) the State Correctional Institution at Camp Hill; (12) the Lackawanna County Courthouse; (13) the Lackawanna County Prison; (14) Joseph Mecca, the Director of the Lackawanna County Adult Probation Office; (15) Mary F. Rinaldi, the Lackawanna County Clerk of Judicial Records; (16) Ronald C. Mackay, the District Court Administrator at the Lackawanna County

---

[4]Section 1915 provides in pertinent part that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Courthouse; (17) Hon. Thomas J. Munley, the President Judge of the Lackawanna County Court of Common Pleas; (18) Hon. Michael J. Barrasse, a Judge on the Lackawanna County Court of Common Pleas; (19) Andrew Jarbola, III, the Lackawanna County District Attorney; (20) Sidney J. Prejean, the Lackawanna County Public Defender; (21) Ms. St. Pierre, a unit counselor at SCI-Camp Hill; (22) Bobby Jo Salamon, a unit manager at SCI-Camp Hill; (23) Officer McDermmott, a correctional officer at SCI-Camp Hill; (24) Ian Taggart, the assistant to the Superintendent of SCI-Camp Hill; (25) Correctional Care, Inc., (26) John Joseph Lawler, an Assistant Public Defender; (27) Corey J. Kolcharno, an Assistant District Attorney; (28) Gene Tocket, a nurse at Lackawanna County Prison; and (29) Tony Ianuzzi, a practical nurse at Lackawanna County Prison.

From the above events, Davila contends that all twenty-nine Defendants "have knowingly partaken in an elaborate and illegal conspiracy in order to deny Plaintiff . . . of his federally-mandated civil liberties and constitutional rights." (Am. Compl. at 55, Doc. 6). In particular, Davila claims Defendants violated the Eighth Amendment by wrongly incarcerating him, by imposing an excessive fine, and by denying him treatment for his disabilities while incarcerated. He also claims that the defendants violated the Due Process and Equal Protection clauses of the Fourteenth Amendment. Davila further claims that the Defendants denied him mental health advocacy "which resulted in discrimination of a disabled American" (*Id.* at 55), a violation of the Americans with Disabilities Act and the Rehabilitation Act. He is seeking "justice, civil action, full compensation & award for damages." (*Id.* at 17).

In the Report and Recommendation, Magistrate Judge Smyser screened the Amended Complaint pursuant to 28 U.S.C. § 1915 and determined that many Defendants and claims were improper. Davila filed a timely Objection and the Court now reviews the

Magistrate Judge's Report and Recommendation.

## **DISCUSSION**

**I. Legal Standards**

### A.    Legal Standard in Reviewing a Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and *specific*. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) (emphasis added). In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). Therefore, the Court reviews the portions of the Report and Recommendation to which the Plaintiff objects *de novo*. The remainder of the Report and Recommendation is reviewed for clear error.

### B.     Legal Standard for Reviewing a Complaint Pursuant to 28 U.S.C. § 1915

When proceeding *in forma pauperis*, a court shall screen a complaint to determine that it is not: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Fisher v. Miller*, 373 Fed.Appx. 148, 149 (3d Cir. 2010) (explaining that in the Third Circuit, district courts are expected to screen a complaint prior to service in light of Section 1915).  The review under Section 1915 is the same as that under Federal Rule of Civil Procedure Rule 12(b)(6).  *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.*

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Detailed factual allegations are not required. *Twombly,* 550 U.S. at 555.  However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, a complaint

7

must "show" this entitlement by alleging sufficient facts. *Id.*

Dismissal is therefore only appropriate if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

**II. Analysis**

    **A.**    **Defendant Judge Michael J. Barrasse**

Davila argues that Defendant Judge Michael J. Barrasse's actions in "authorizing the rescheduling and postponement of Plaintiff's hearing and sentencing times & dates" are administrative in nature, rendering them non-immune and subject to suit and damages. (Objection at 14, Doc. 10). The Court does not agree. As the Magistrate Judge articulated, "[t]he Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court*, 211 F.3d 760, 768 (3d Cir. 2000). "An act is judicial in nature if 'it is a function normally performed by a judge' and if the parties 'dealt with the judge in his judicial capacity.'" *Wicks v. Lycoming County*, No. 11-1808, 2012 WL 19650 at *2 (3d Cir Jan. 5, 2012). As the Court

determines the acts Plaintiff complains of fall within the judicial category, the Court holds that the Magistrate Judge was correct in his determination that judicial immunity applies.

### B. Defendant President Judge Munley

Magistrate Judge Smyser determined that Plaintiff was seeking to hold Judge Munley liable on a theory of *respondeat superior*, which is impermissible under 42 U.S.C. § 1983. Plaintiff argues that this characterization was in error, and avers instead that "President Judge Munley is to be held liable for involvement as an administrator, and for both allowing and creating policies, customs and procedures which discriminate against disabled Americans." (Objection at 14, Doc. 10). Specifically, in his Amended Complaint, Davila claims that President Judge Munley is "liable for the gross negligence in supervising subordinates who commit unlawful acts" and that he abdicated his "duties and responsibilities to oversee, supervise, administrate and hand out disciplinary actions for violation of the civil liberties and constitutional rights of disables Americans." (Am. Compl. at 11, Doc. 6).

It is true that, as Magistrate Judge Smyser articulates, Section 1983 does not extend to instances of vicarious liability. *Argueta v. United States Immigration & Customs Enforcement*, 643 F.3d 60, 71 (3d Cir. 2011). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)). These individual actions can be indirect and shown through "actual knowledge and acquiescence" to constitutional violations. *Id.* at 72 (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). As Davila argues, this

can include a "failure to train, supervise, and discipline subordinates," or declining to amend an unconstitutional policy or implement corrective action. *Id.* Similarly, violations can occur through direct supervisor action, such as "implement[ing] a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct." *Id.*

Therefore, to the extent that Plaintiff's claim against Defendant President Judge Munley is predicated on his alleged "customs, policies and procedures," this requires pleadings that make such personal involvement plausible. "While legal conclusions can specific provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Plaintiff does not point to, and the Court cannot find, any fact within the Amended Complaint which would indicate that Defendant President Judge Munley in any way personally promulgated or acquiesced to such policies. Therefore, even taking all of Davila's allegations as true, there are no averments that could indicate that Defendant President Judge Munley was at all aware of the violations Plaintiff claims, much less stood behind a policy that facilitated them. As such, the Court concludes that the Magistrate Judge was correct in his recommendation that this claim be dismissed.

### C.     Commonwealth of Pennsylvania

Plaintiff argues that Title II of the Americans with Disabilities Act abrogated sovereign immunity and that the Commonwealth is therefore "fully liable for damages which Plaintiff seeks." (Objection at 15, Doc. 10). While "[t]here is no question that Congress expressed

its unequivocal intent to abrogate state sovereign immunity when it enacted Title II of the ADA," *Mohney v. Pennsylvania*, - - - F. Supp. 2d - - -, 2011 WL 3652529 at *7 (W.D. Pa. Aug. 19, 2011), the Magistrate Judge determined that the Commonwealth's sovereign immunity was limited to Section 1983, and he did not dismiss the Commonwealth as to Plaintiff's ADA claim. Therefore, the Court will decline Plaintiff's Objection on this issue.

### D.     County of Lackawanna

Though unclear, Plaintiff also notes in his objection that he believes the County of Lackawanna is subject to liability under the ADA. Again, the Magistrate Judge in his Report and Recommendation did not recommend that the County of Lackawanna be dismissed as to the ADA claim. Instead, the Magistrate Judge stated that "the case be remanded to the undersigned for further proceedings regarding the remaining claims, which are the ADA and Rehabilitation Act claims against defendants Commonwealth of Pennsylvania, Lackawanna County, the Lackawanna County Court of Common Pleas, the Lackawanna County Office of Judicial Records, the Lackawanna County District Attorney's Office, the Lackawanna County Court Administrator's Office, and the Lackawanna County Public Defender's Office." (Report and Recommendation at 28-29, Doc. 8). Thus, the Court finds this objection unwarranted.

### E.     Pennsylvania Department of Corrections

To the extent that the Magistrate Judge did not construe this *pro se* complaint to include Americans with Disabilities Act and the Rehabilitation Act claims as to the Pennsylvania Department of Corrections, this appears to have been an oversight. Therefore, the Court will grant the Plaintiff's Objection insofar as it alleges the Report and

Recommendation improperly dismissed these claims against the Pennsylvania Department of Corrections. *See e.g. Braheny v. Pennsylvania*, Civ. Act. No. 10-3536, 2012 WL 176186 (E.D. Pa. Jan. 18, 2012) (denying summary judgment on a claim under the Americans with Disabilities Act as against the Pennsylvania Department of Corrections).

### F.     Andrew J. Jarbola III, Lackawanna County District Attorney

Magistrate Judge Smyser determined that Defendant Jarbola was entitled to prosecutorial immunity as to this action. Davila objects, claiming that Defendant Jarbola's "failure as an administrator to provide notice to Plaintiff" falls outside of such immunity. (Objection at 16, Doc. 10).

Absolute prosecutorial immunity extends with "full force" to all prosecutorial activity "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Administrative functions that are directly related to the criminal trial are therefore extended absolute immunity, while more distant administrative functions–such as "workplace hiring, payroll administration, the maintenance of physical facilities, and the like"–are not. *Schneyder v. Smith*, 653 F.3d 313, 334 (3d Cir. 2011) (quoting *Van de Kamp*, 555 U.S. at 338). Instead, such administrative and investigative functions are provided qualified immunity. *Lane v. Jenkins*, Civ. Act. No. 10-2149, 2011 WI 6425314 at *2 (E.D. Pa. Dec. 20, 2011). Therefore, to the extent that Plaintiff labels these prosecutorial functions as "administrative" it does not bolster his claim as against Defendant Jarbola. Instead, the Court determines that the ostensibly administrative function Davila cites was intimately related to the criminal trial and is therefore afforded absolute immunity.

Moreover, to the extent Davila is arguing that Defendant Jarbola is liable for "his direct involvement as an administrator of the Lackawanna County District Attorney's Office, and in establishing customs, policies & practices which allow for subordinates to discriminate against disabled Americans," (Objection at 16, Doc. 10) this claim is conclusory and finds no supporting statements within the Amended Complaint. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Instead, the Amended Complaint merely alleges that Defendant Jarbola is liable for failing, as an administrator, to train, discipline, supervise and establish grievance procedures. (Am. Compl. at 12, Doc. 6).

As noted above, such a claim is insufficient without factual allegations that tend to show actual knowledge or involvement in such inappropriate policies, and none have been made in the Amended Complaint. *See supra* Part II.B. Therefore, the Magistrate Judge's determination as to Defendant Jarbola will not be disturbed.

### G.     Defendant Anthony Kolcharno, Assistant Lackawanna County District Attorney

Plaintiff similarly argues that Defendant Kolcharno is not entitled to prosecutorial immunity for his "current custom and practice of changing scheduled court hearings and times, without providing proper notice to Plaintiff . . . which clearly permit the discrimination of disabled Americans to occur." (Objection at 16, Doc. 10). Prosecutorial immunity aside, there are no facts in the Amended Complaint to sustain the claim that Defendant Kolcharno has a policy or practice of manipulating court dates and times as to handicapped individuals. Therefore, as above, the Magistrate Judge's determination as to Defendant Kolcharno will also not be disturbed.

13

### H.      Sidney J. Prejean, Lackawanna County Public Defender and John J. Lawler, Assistant Lackawanna County Public Defender

Plaintiff believes that the Public Defender Defendants are not entitled to immunity. However, Magistrate Judge Smyser did not find that the Public Defender Defendants were entitled to immunity. Instead, he determined that they were not acting under color of state law as required by Section 1983. This was correct. For the purposes of Section 1983, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Moreover, Magistrate Judge Smyser also correctly determined that the Public Defender Defendants, as individuals, were not subject to liability under Title II of the ADA. *See Yeskey v. Pennsylvania Dep't of Corrections*, 76 F. Supp. 2d 572, 575 (M.D. Pa. 1999). Thus, the Court will reject Plaintiff's objection to immunity for the Public Defender Defendants.

Moreover, to the extent that Davila argues that these Defendants are liable for establishing "customs, policies & practices which allow for subordinates to discriminate against disabled Americans" (Objection at 17, Doc. 10), the Court will again reject this argument for the same reasons repeated above. The Amended Complaint merely concludes that "Defendants John J. Lawler and Assistant District Attorney Anthony J. Kolcharno entered into an agreement to conspire against Plaintiff to deny him of his right to Mental Health advocacy and to deny him of his right to a speedy trial." (Am. Compl. at 32, Doc. 6). As there are no particular averments that would substantiate the existence of such policies, or either Defendant was even aware of them, it was proper for the Magistrate Judge to recommend that these Defendants be dismissed.

14

**I.     Office and Entity Defendants**

Magistrate Judge Smyser determined that–since Section 1983 does not allow for vicarious liability–the Amended Complaint failed to state a claim as against the District Attorney's Office, the Adult Probation Office, the Court Administrator's Office, the Public Defender's Office, the Office of Judicial Records, the Scranton Counseling Center, and Correctional Care, Inc. Davila reiterates in his Objection that he seeks to hold these entities liable "for their own individual and direct actions which directly violates U.S. Constitutional Law." (Objection at 18, Doc. 10). However, as there are no facts within the Amended Complaint suggesting that these entities actually took any actions to trample Davila's rights, the Court agrees with the Magistrate Judge's determination that the Complaint failed to state any such claims against these parties. The Court will therefore adopt the Magistrate Judge's Recommendation that they be dismissed.

**J.     State and Local Government Facilities**

Magistrate Judge Smyser held that the Lackawanna County Courthouse, the Lackawanna County Prison, and SCI-Camp Hill were buildings and not persons subject to suit under 42 U.S.C. § 1983. Davila argues that this was incorrect and seeks to hold them liable "as public entities and facilities both owned & ran by both State and Local Governments." (Objection at 18, Doc. 10).

The Court determines that, regardless of any technical infirmity in the naming of these parties, Davila has not pleaded any actions on behalf of these Defendants, much less any actions that could suggest liability under any of the theories of his case. As such, the Court will adopt the Magistrate Judge's determination that they also be dismissed from the case.

**K. Individual Defendants**

Davila argues that individual defendants Mecca, Rinaldi, Mackay, St.Pierre, Salamon, McDermmott, Taggart, Tocket, and Ianuzzi were also improperly dismissed. Magistrate Judge Smyser determined that the Amended Complaint does not contain any allegations of personal involvement on behalf of any of these parties. This is correct, excepting allegations that Defendant Mackay, as District Court Administrator, is "liable for the gross negligence in supervising subordinates who commit unlawful acts" and that he has abdicated his "duties and responsibilities to oversee, supervise, administrate and hand out disciplinary actions for violation of the civil liberties and constitutional rights of disables Americans." (Am. Compl. at 11, Doc. 6). However, these statements are conclusory, and the Court agrees with the Magistrate Judge that all of these Individual Defendants should be dismissed.

**III. Leave to Amend**

Davila objects to Magistrate Judge Smyser's determination that further leave to amend would be futile. The Court, however, agrees that further leave to amend is not warranted.

In regard to the objections above referencing claims barred by judicial immunity, sovereign immunity, prosecutorial immunity, or are not made against state actors as required by 42 U.S.C. § 1983, it is clear that further leave to amend on these issues would be futile.

As to Davila's conclusory claims that particular Defendants implemented customs, policies or procedures that violated his rights–without offering any pleadings about what those particular customs entailed or how they were executed–the Court also finds that further leave to amend would also be futile. In his Objection, Davila states that he has "repeatedly

16

mention[ed] how all listed Defendants are to be held liable for the allowance of discrimination upon a disabled American, violations of Plaintiff's civil liberties & constitutional rights, and for the denial of treatment and access to public services." (Objection at 5-6, Doc. 10).  While it is true that Davila makes constant references to these claims, these references are all plain conclusions which are insufficient to implicate Defendants without allegations of independent, affirmative actions.  Of course, such conclusory statements cannot support a complaint on their own as it "must do more than allege the plaintiff's entitlement to relief," but must "show" this entitlement by alleging sufficient facts.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  The Magistrate Judge, in his screening of the original Complaint, explicitly noted that the Complaint failed to state a claim upon which relief may be granted as it did not contain facts to support its legal conclusions and gave leave to amend. (Doc. 5).  As these infirmities persist in the Amended Complaint, the Court agrees that further leave to amend would be futile.

**CONCLUSION**

For the reasons above the Court will Adopt the Magistrate Judge's Report and Recommendation, with the exception that the Americans with Disabilities Act and the Rehabilitation Act claims against the Pennsylvania Department of Corrections will be allowed to proceed beyond the Section 1915 screening phase. As the Court determines it would be futile, Davila will be given no further leave to amend. The matter will be recommitted to the Magistrate Judge for further proceedings. An appropriate order follows.


| February 8, 2012 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |