```
                  UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MIGUEL A. DAVILA,               :    CIVIL NO. 3:11-CV-01092
                                :
        Plaintiff               :    (Judge Caputo)
                                :
        v.                      :    (Magistrate Judge Smyser)
                                :
COMMONWEALTH OF PENNSYLVANIA,   :
et al.,                         :
                                :
        Defendants              :
```

**REPORT AND RECOMMENDATION**

 The only remaining claims in this case are claims under the Americans with Disabilities Act and the Rehabilitation Act. The claims arise from criminal proceedings against the plaintiff in state court. Some of the remaining defendants have filed a motion to dismiss the amended complaint on the basis that the plaintiff has failed to sufficiently allege a relationship between his disability and the actions taken by the defendants. We recommend that the motion to dismiss be denied and that the case be remanded to the undersigned for further proceedings.

I. Background and Procedural History.

The plaintiff, Miguel A. Davila, commenced this action by filing a complaint. He later filed an amended complaint. The amended complaint names the following as defendants: 1) the Commonwealth of Pennsylvania; 2) the Pennsylvania Department of Corrections; 3) Lackawanna County; 4) the Lackawanna County Court of Common Pleas; 5) the Lackawanna County Adult Probation Office; 6) the Lackawanna County Office of Judicial Records; 7) the Lackawanna County District Attorney's Office; 8) the Lackawanna County Court Administrator's Office; 9) the Lackawanna County Public Defender's Office; 10) the Scranton Counseling Center; 11) the State Correctional Institution at Camp Hill; 12) the Lackawanna County Courthouse; 13) the Lackawanna County Prison; 14) Joseph Mecca, the Director of the Lackawanna County Adult Probation Office; 15) Mary F. Rinaldi, the Lackawanna County Clerk of Judicial Records; 16) Ronald C. Mackay, the District Court Administrator; 17) Thomas J. Munley, the President Judge of the Lackawanna County Court of Common Pleas; 18) Michael J. Barrasse, a judge on the Lackawanna County Court of Common Pleas; 19) Andrew Jarbola, III, the Lackawanna County District Attorney; 20) Sidney J. Prejean, the

Lackawanna County Public Defender; 21) Ms. St. Pierre, a unit counselor; 22) Bobby Jo Salamon, a unit manager; 23) Officer McDermmott, a state correctional officer; 24) Ian Taggart, the assistant to the Superintendent of SCI-Camp Hill; 25) Correctional Care, Inc., 26) John Joseph Lawler, an assistant public defender;  27) Corey J. Kolcharno, an assistant district attorney; 28) Gene Tocket, a nurse; and 29) Tony Ianuzzi, a practical nurse.

The plaintiff alleges the following facts in his amended complaint.[1]

The plaintiff is mentally disabled.  He suffers from bi-polar disorder, post traumatic stress disorder, and depression.

In May of 2009, the plaintiff was involved in an automobile accident.  He was charged with driving under the influence.  His counsel, defendant Lawler, conspired with the Lackawanna County District Attorney's Office to deny him his right to a preliminary hearing.  They coerced him into waiving his preliminary hearing.

---

[1] These facts are based on the allegations in the amended complaint and inferences from the exhibits to the amended complaint.

In June of 2010, Judge Barrasse issued a bench warrant for the plaintiff's arrest based on the plaintiff's failure to appear at a hearing.  But neither the plaintiff nor his counsel had been properly notified of the hearing.  After the plaintiff presented himself to the court, the court lifted the bench warrant.

After more than a year passed since criminal charges were filed, the plaintiff informed defendant Lawler that he wanted to file a motion to dismiss the charges pursuant to Pa.R.Crim.P. 600.  Defendant Lawler, however, did not file such a motion.

The court scheduled a hearing for September 13, 2010.  On September 9, 2010, defendant Lawler called the plaintiff and told him that he must appear in court the following day and that the trial was to be the following day.  The plaintiff had planned to have a State Certified Mental Health Peer Specialist present for the hearing on September 13, 2010.  But because of the last-minute notice of rescheduling he could not have the specialist present on September 10, 2010.  When he arrived in court on September 10, 2010, defendant Lawler coerced him into pleading guilty.  He was arrested, ordered to serve 90 days

4

incarceration[2] and sent to the Lackawanna County Prison. Neither defendant Lawler nor defendant Barrasse informed the plaintiff of his right to appeal.

On December 7, 2010, the plaintiff appeared in court for sentencing. But defendant Barrasse postponed the sentencing and ordered the plaintiff to undergo a psychological and psychiatric evaluation in a state correctional facility. Neither defendant Lawler nor defendant Barrasse informed the plaintiff of his right to appeal. In January of 2011, the plaintiff was sent to SCI-Camp Hill for the evaluation. The plaintiff was segregated while incarcerated because of his disability. The plaintiff was incarcerated at SCI-Camp Hill for longer than the sixty days permitted by Pa.R.Crim.P. 702(b).

The plaintiff filed a *pro se* motion to dismiss for lack of a speedy trial. The Lackawanna County Office of Judicial Records improperly docketed that motion as a letter.

---

[2] It is not clear what the plaintiff means when he alleges that he was ordered to serve 90 days incarceration given that he later alleges that he had not yet been sentenced.

On April 5, 2011, Judge Barrasse sentenced the plaintiff to ninety days incarceration. But he did not give the plaintiff credit for the 210 days that he had already served. The next day the plaintiff was released from the prison and placed under house arrest to serve the 90 days. The plaintiff was also fined and assessed supervision fees for five years of probation. Judge Barrasse denied the plaintiff's post-trial motions. The plaintiff filed an appeal which is still pending in the Superior Court of Pennsylvania.

The plaintiff claims that the defendants violated his constitutional rights in connection with his criminal proceedings and incarceration. He claims that he was denied his Sixth Amendment right to a speedy trial and to the effective assistance of counsel. He claims that the defendants violated the Eighth Amendment by wrongly incarcerating him, by imposing an excessive fine, and by denying him treatment for his disabilities while incarcerated. He also claims that the defendants violated the Due Process and Equal Protection clauses of the Fourteenth Amendment. He further claims that defendants Lawler and Kolcharno conspired to deny him his

rights in violation of 42 U.S.C. § 1985(3). He also claims that the defendants discriminated against him in violation of the Americans with Disabilities Act and the Rehabilitation Act.

The court dismissed the 42 U.S.C. § 1983 and § 1985(3) claims against all of the defendants. The court also dismissed the ADA and Rehabilitation Act claims against defendants Lawler, Barrasse, and the Lackawanna County Adult Probation Office. The remaining claims are the ADA and Rehabilitation Act claims against defendants Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, Lackawanna County, the Lackawanna County Court of Common Pleas, the Lackawanna County Office of Judicial Records, the Lackawanna County District Attorney's Office, the Lackawanna County Court Administrator's Office, and the Lackawanna County Public Defender's Office.

Currently pending is a motion to dismiss filed by defendants Lackawanna County, the Lackawanna County Court of Common Pleas, the Lackawanna County Office of Judicial Records, the Lackawanna County District Attorney's Office, the

Lackawanna County Court Administrator's Office, and the Lackawanna County Public Defender's Office.[3]

II. Motion to Dismiss and Pleading Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

---

[3] The motion to dismiss was also brought on behalf of defendants Mecca, Rinaldi, Jarbola, Prejean, Lawler, Kolcharno, the Lackawanna County Prison, and the Lackawanna County Adult Probation Office. The court has since dismissed all claims against those defendants. The motion to dismiss seeks dismissal of the plaintiff's constitutional claims. But the court has also since dismissed all of the plaintiff's constitutional claims.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

10

lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

The moving defendants contend that the amended complaint fails to comply with Fed.R.Civ.P. 8(a)'s requirement of a short and plain statement of the claim. They contend that the lengthy amended complaint is rambling and lacks factual support for many of its assertions. Although not a model of clarity, given the liberal construction afforded *pro se* pleadings the amended complaint should not be dismissed based on failure to comply with Fed.R.Civ.P. 8(a).

The remaining claims are claims under the ADA and the Rehabilitation Act. The provisions of the Rehabilitation Act and the ADA are generally interpreted similarly. *See Doe v. County of Centre,* 242 F.3d 437, 446 (3d Cir. 2001).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be

11

excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

The moving defendants assert that the plaintiff has failed to allege any relationship between his disability and the denial of services.

The plaintiff claims that the defendants violated the ADA and the Rehabilitation Act in various ways including: by denying him the benefit of having a State Certified Mental Health Peer Specialist present at all proceedings to ensure that communications between the plaintiff and the court were as effective as communications between non-disabled individuals and the court; by prolonging his sentence without just cause; by failing to keep him informed of his rights and the development of his defense; by providing different services to individuals with disabilities than provided to others; by failing to provide him notice of his rights under the ADA; by failing to provide proper notice and knowingly changing dates and times of scheduled hearings and proceedings; by denying him the right to participate in the planning and development of his

12

own defense; by denying him the benefit of receiving necessary and ongoing treatment in the community; by sending him to undergo a psychological or psychiatric evaluation at a state correctional institution instead of locally and in the community; by failing to appoint an employee to coordinate their efforts to comply with the ADA; by failing to establish a grievance procedure for complaints regarding violations of the ADA; and by keeping him segregated because of his disability while he was incarcerated. He alleges that the defendants' actions resulted in discrimination against him as a disabled person.

Given the liberal construction afforded *pro se* pleadings, the amended complaint sufficiently pleads a connection between the plaintiff's disability and the alleged actions taken by the defendants. Accordingly, we will recommend that the moving defendants' motion to dismiss the amended complaint be denied.

IV. Recommendations.

    Based on the foregoing, it is recommended that the motion (doc. 25) to dismiss filed by defendants Lackawanna County, the Lackawanna County Court of Common Pleas, the Lackawanna County Office of Judicial Records, the Lackawanna County District Attorney's Office, the Lackawanna County Court Administrator's Office, and the Lackawanna County Public Defender's Office be denied and that the case be remanded to the undersigned for further proceedings.


                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated:  March 5, 2012.