# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL A. DAVILA,** | : | Civil No. 3:11-CV-01092 |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF PENNSYLVANIA, e*t al.,*** | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Introduction

This case comes before the court on a motion lodged by the plaintiff in July 2012, asking the court to reconsider the dismissal of certain claims and parties five months earlier, in February of 2012. (Doc. 54.) For the reasons set forth below, it is recommended that this motion to reconsider be denied.

### II. Statement of Facts and of the Case

The plaintiff, Miguel A. Davila, commenced this action by filing a complaint on June 7, 2011, (Doc. 1), which he later amended on July 14, 2011. (Doc. 6.) Davila's amended complaint named twenty nine institutional and individual defendants, and generally alleged that the defendants violated Davila's constitutional rights in a host of ways in connection with his criminal proceedings in the Court of

Common Pleas of Lackawanna County, proceedings that resulted in Davila's conviction and incarceration. Thus, Davila claims that he was denied his Sixth Amendment right to a speedy trial and to the effective assistance of counsel; that the defendants violated the Eighth Amendment by wrongly incarcerating him, by imposing an excessive fine, and by denying him treatment for his disabilities while incarcerated; and that the defendants violated the Due Process and Equal Protection clauses of the Fourteenth Amendment. He further claims that defendants Lawler and Kolcharno conspired to deny him his rights in violation of 42 U.S.C. § 1985(3).

In addition to these constitutional claims, Davila also alleges that the defendants discriminated against him in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act. He claims that the defendants violated the ADA and the Rehabilitation Act in various ways including: by denying him the benefit of having a State Certified Mental Health Peer Specialist present at all proceedings to ensure that communications between him and the court were as effective as communications between nondisabled individuals and the court; by prolonging his sentence without just cause; by failing to keep him informed of his rights and the development of his defense; by providing different services to individuals with disabilities than provided to others; by failing to provide him notice of his rights under the ADA; by failing to provide proper notice and knowingly

2

changing dates and times of scheduled hearings and proceedings; by denying him the right to participate in the planning and development of his own defense; by denying him the benefit of receiving necessary and ongoing treatment in the community; by sending him to undergo a psychological or psychiatric evaluation at a state correctional institution instead of locally and in the community; by failing to appoint an employee to coordinate their efforts to comply with the ADA; by failing to establish a grievance procedure for complaints regarding violations of the ADA; and by keeping him segregated because of his disability while he was incarcerated.

On July 20, 2011, the court, Smyser, M.J., issued a closely reasoned 29-page Report and Recommendation, which, in part, recommended that the court dismiss the 42 U.S.C. § 1983 and § 1985(3) claims against all of the defendants, and also dismiss the ADA and Rehabilitation Act claims against the defendants. (Doc. 8.) Having carefully reviewed the Report and Recommendation, on February 8, 2012, the district court adopted that Report and Recommendation, in part, as follows: The court dismissed the 42 U.S.C. § 1983 and § 1985(3) claims against all of the defendants. The court also dismissed the ADA and Rehabilitation Act claims against defendants Lawler, Barrasse, and the Lackawanna County Adult Probation Office, but permitted the remaining ADA and Rehabilitation Act claims against defendants Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, Lackawanna County,

the Lackawanna County Court of Common Pleas, the Lackawanna County Office of Judicial Records, the Lackawanna County District Attorney's Office, the Lackawanna County Court Administrator's Office, and the Lackawanna County Public Defender's Office to proceed. (Docs. 33 and 34.)

Davila took no action in response to this ruling for five months, until July 17, 2012, when he filed a motion to reconsider these ruling, and an accompanying brief. (Docs. 54 and 55.) For the reasons set forth below, it is recommended that this motion be denied since the arguments advanced by Davila are untimely and do not meet the exacting substantive standard prescribed by law for motions to reconsider.

### III. Discussion

#### A. Motions to Re-Consider–The Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). As the United

States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).
>
> Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

5

Furthermore, motions which seek to reconsider, re-open, alter or amend judgments, must also meet certain procedural benchmarks. Principal among these benchmarks is a requirement that the motion be timely filed. Under Local Rule 7.10 of the Rules of this Court: "Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." L.R. Rule 7.10.

Here, Davila's motion plainly has not met the exacting procedural and substantive standards prescribed by law for motions to reconsider. First, the request–which is made more than five months after the court's ruling–failed to comply with the timeliness requirements of Local Rule 7.10, which calls for the filing of such motions within 14 days. Davila provides no explanation or excuse for this dilatory conduct, and Davila cannot justify this delay since he was placed on notice of the requirements of Local Rule 7.10 when he first filed this action in the Court's Standing Practice Order which instructed him in clear and precise terms that: "Local Rule 7.10, requires that any motion for reconsideration of an order must be filed within fourteen (14) days after the entry of the order." (Doc. 3, p.3.)

Moreover, Davila's motion fails on its merits since nothing in his motion or accompanying brief identifies "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the

motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010). Quite the contrary, it is evident that the district court did not err in its February 8, 2012 order. Rather, through that order this court actually afforded Davila every possible opportunity to state a claim when it allowed his ADA claims to proceed forward with respect to some defendants.

In short, Davila's motion appears to be little more than a tardy effort to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Since Davila's motion to reconsider is untimely, and Davila errs when he suggests that the district court must reconsider its February 8, 2012 ruling because the court needs to "correct a clear error of law or fact or to prevent manifest injustice," Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010), Davila's motion to reconsider should be denied.

## IV. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion to reconsider (Doc. 54), be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of September, 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge