# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL A. DAVILA,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:11-1092** |
| v. | : | **(MANNION, D.J.)**[1] |
| | | **(SCHWAB, M.J.)**[2] |
| **COMMONWEALTH OF PENNSYLVANIA**, *et. al.*, | : | |
| | : | |
| **Defendants** | | |
| | : | |

## **MEMORANDUM**[3]

Presently before the court is the report and recommendation of Judge Martin C. Carlson, (Doc. No. 65), recommending that plaintiff's motion for reconsideration, (Doc. No. 54), be denied. After review of the report and recommendation as well as the objections raised by the plaintiff, (Doc. No. 70), the court will adopt the report and recommendation without modification

---

[1] This case was originally assigned to the Honorable A. Richard Caputo. Pursuant to the verbal order dated January 4, 2013, the case has been reassigned to the undersigned.

[2] Judge J. Andrew Smyser was originally assigned as the Magistrate Judge in this case. Upon Judge Smyser's retirement and pursuant to the verbal order dated September 4, 2012, the case was temporarily re-assigned to Judge Martin C. Carlson as the Magistrate Judge on the case. Now, upon her appointment as Judge Smyser's replacement, the case will be re-assigned to Judge Susan E. Schwab as the Magistrate Judge in this case.

[3] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

and deny the plaintiff's motion.

**I.    BACKGROUND**

On June 7, 2011, the plaintiff commenced the instant action by filing a complaint, (Doc. No. 1), which he subsequently amended on July 14, 2011, (Doc. No. 6). The plaintiff named twenty-nine institutional and individual defendants and alleged numerous violations of constitutional and other federally protected rights related to his criminal proceeding in the Court of Common Pleas of Lackawanna County, Pennsylvania.

On July 20, 2011, Judge Smyser issued a report and recommendation, (Doc. No. 8), pursuant to his preliminary consideration of the case, which recommended that the court dismiss the plaintiff's 42 U.S.C. §§1983 and 1985(3) claims against all defendants as well as his claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act against certain defendants. On July 28, 2011, the plaintiff filed objections, (Doc. No. 10), which he supplemented on July, 29, 2011, (Doc. No. 11).

On February 8, 2012, Judge Caputo adopted the report and recommendation in part. (Docs. No. 33, 34). Judge Caputo dismissed the §1983 and §1985(3) claims against all defendants and dismissed the ADA claims and Rehabilitation Act against defendants Lawler, Barrasse and the Lackawanna County Adult Probation Office. All other claims were permitted

to proceed.[4]

On July 17, 2012, five months after Judge Caputo's ruling, the plaintiff filed a motion to reconsider and brief in support. (Docs. No. 54, 55).

On September 25, 2012, Judge Carlson issued the instant report and recommendation. (Doc. No. 65). Judge Carlson recommended that the motion be denied both because it was not timely filed and because it failed to meet the high legal standard required for motions to reconsider.

On October 1, 2012, the plaintiff filed objections to the report and recommendation. (Doc. No. 70). The plaintiff raises four distinct challenges to Judge Carlson's report: (1) that he was not afforded adequate consideration as a pro se plaintiff; (2) that his untimely filing should not bar his motion; (3) that he has met the pleading standard for a motion for reconsideration, and: (4) the claims against the Lackawanna County Adult Probation Office should not have been dismissed.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. *See* 28 U.S.C. § 636(b)(1)*; Brown*

---

[4] The docket contains an additional report and recommendation issued on March, 6, 2012, (Doc. No. 37) and adopted on April 4, 2012, (Doc. No. 38). This recommendation and subsequent order denied a then-pending motion to dismiss, (Doc. No. 25). The instant motion for reconsideration does not appear to address this ruling, which was favorable to the plaintiff.

3

*v. Astrue*, 649 F.3d 193, 195 (2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *See Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III.   DISCUSSION

The plaintiff raises four distinct objections to Judge Carlson's report and recommendation, each will be addressed in turn.

First, the plaintiff argues that his pleadings were not liberally construed pursuant to his pro se status. The court finds no indication in the record that

4

the plaintiff's pleadings were refused the liberal interpretation afforded to pro se litigants. In fact, each of the reports issued by Judge Smyser in this case expressly indicated that the pro se pleading standard was applied, (Doc. No. 8 at 9; Doc. No. 37 at 10-11). There is nothing in the instant report nor the record as a whole that refutes Judge Smyser's assertion that the proper standard was applied.

Second, the plaintiff contests that his untimely filing should not bar his motion for reconsideration. The plaintiff argues that the court has shown leniency to the defendants who he alleges have been slow to respond to discovery requests. Regardless of the defendants' conduct, under Local Rule 7.10, the plaintiff was required to file a motion for reconsideration within fourteen days after the entry of the order concerned. Here, the plaintiff waited more than five months to file his motion. The plaintiff was notified of the local rules at the outset of this action by the Court's Standing Practice Order, (Doc. No. 3). In the period between the court's February order and the plaintiff's July motion numerous motions and pleadings were filed. The filing deadline in Local Rule 7.10 is designed precisely to ensure any challenges are heard before litigation progresses as it did in this case. Therefore, the court cannot excuse the plaintiff's protracted delay.

Third, the plaintiff argues that he has met the exacting substantive standard necessary in a motion to reconsider. As Judge Carlson correctly

stated, the plaintiff's brief was required to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

With regard to the first element, the plaintiff states that the ADA's 2010 amendments are a change in controlling law. These amendments, however, occurred before the plaintiff's instituted his action in 2011 and have not changed since the court partially dismissed his complaint. With regard to the second element, the plaintiff argues that new evidence procured though discovery would substantiate his claims. The plaintiff, however, has failed to demonstrate that any new evidence has come to light since the court issued its order which would challenge the court's determination that several of his claims were properly dismissed as a matter of law. With regard to the third element, the plaintiff generally argues that the court has erred in its application of the law and that dismissal of his claims is manifestly unjust. The court finds that there has been no misapplication of law. Similarly, the court finds that manifest injustice will not result from denying reconsideration and notes that court has afforded the plaintiff a review of the merits of his motion despite his extraordinary delay in filing.

Finally, the plaintiff questions the dismissal of claims against the Lackawanna County Adult Probation Office when other governmental defendants were not dismissed. Pursuant to 28 U.S.C. §1915(e)(2) the court gave the plaintiff's complaint preliminary consideration and recommended the dismissal of certain parties. Judge Smyser's review of the initial filings lead him to recommend that the Lackawanna County Adult Probation Office should be dismissed. This court agrees with that determination. The fact the Judge Smyser did not recommend dismissal of other parties at that early stage is within his discretion and the plaintiff has not raised sufficient grounds to warrant this court's reconsideration of the matter.

## IV. CONCLUSION

Upon review of the report and recommendation and consideration of the plaintiff's objections, the court will adopt the report and recommendation and deny the plaintiff's motion for reconsideration.

*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: February 6, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-1092-01.wpd