# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL A. DAVILA,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:11-1092 |
| v. | : | (MANNION, D.J.) |
| | | (SCHWAB, M.J.) |
| **COMMONWEALTH OF PENNSYLVANIA,** *et. al.*, | : | |
| | : | |
| **Defendants** | | |
| | : | |

## **MEMORANDUM**[1]

Presently before the court is plaintiff's motion to reconsider the court's order adopting of a recent report and recommendation issued by Judge Carlson, (Doc. No. 122). The plaintiff has failed to meet the exacting standards required to succeed on a motion to reconsider and, therefore, the motion will be **DENIED**.

## I.  BACKGROUND

The plaintiff's underlying complaint alleges various deprivations of his rights under the Americans with Disabilities Act ("ADA") and 42 U.S.C. §1983 by state officials. (Doc. No. 8). On February 19, 2013, the plaintiff filed the instant motion for reconsideration, (Doc. No. 122), and a brief in support,

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

(Doc. No. 123). The plaintiff's motion is the latest in a string of motions, report and recommendations and orders that began in July 2011. The instant motion requests that the court reconsider its adoption of Judge Carlson's report and recommendation, (Doc. No. 65), which recommended that a prior motion to reconsider, (Doc. No. 54), be denied. The prior motion to reconsider sought reconsideration of Judge Caputo's order, (Doc. No. 34), which adopted a report and recommendation issued by Judge Smyser, (Doc. No. 8). Judge Smyser's report and recommendation had recommended that the several claims and defendants in the plaintiff's amended complaint, (Doc. No. 6), be dismissed.[2]

The instant motion begins by recounting the plaintiff's §1983 and ADA claims. The plaintiff then raises three specific grounds on which he believes reconsideration is justified: first, that he was improperly denied the right to further amend his complaint; second, that the court's memorandum, (Doc. No. 118), failed to address the issue of obtaining discovery from dismissed government defendants, and; third, that the court has failed to properly apply the case law offered in his prior briefs.

---

[2] The record contains another report and recommendation issued by Judge Smyser, (Doc. No. 37), which recommended the denial of a motion to dismiss filed by the defendants. The plaintiff does not appear to challenge the order adopting that favorable determination, (Doc. No. 38), in any of his prior motions.

## II. DISCUSSION

To succeed on a motion to reconsider, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The plaintiff in the instant case has failed to demonstrate sufficient grounds for reconsideration. The plaintiff's recitation of his ADA and §1983 claims presents no new arguments or changes in the law to support altering the court's prior order. Similarly, each of the three specific claims raised by the plaintiff fails to meet the demanding standard of a motion to reconsider.

The alleged failure to provide the plaintiff with additional opportunities to amend his complaint does not warrant modification of the courts most recent order. The plaintiff was afforded leave to amend his complaint, (Doc. No. 5), and the plaintiff indeed took advantage of the opportunity. In addition, as the court noted in the memorandum accompanying the court's order adopting Judge Carlson's report and recommendation, (Doc. No. 118), the record reflects that adequate accommodation has been made for the plaintiff in light of his *pro se* status.

The plaintiff argues that the court failed to address all issue raised in his

prior motion to reconsider, (Doc. No. 54). Specifically, the plaintiff claims that the court did not provide him with the authority to seek discovery from parties who have been dismissed from the action. The court, however, does not authorize or aid parties in the collection of discovery materials in the absence of a specific dispute. The plaintiff does not cite to any recent change in controlling law which would compel the court to take the active role in discovery that the plaintiff believes is required.

Finally, the plaintiff argues that the court's memorandum, (Doc. No. 118), failed to properly address and uphold the case law presented by the plaintiff and has ignored the doctrine of *stare decesis*. The plaintiff has not alleged any change in controlling law or specific error in application by the court. Though the plaintiff may disagree with the court's ruling, the court has reviewed the prior memorandum and order and finds no error warranting reconsideration.[3]

## III. CONCLUSION

Upon review of the court's memorandum and order and the challenges raised in the plaintiff's motion for reconsideration, the court finds no reason

---

[3] In addition, the court notes that due to the complex procedural history of this case, the plaintiff's claims have been considered under various standards of review by five separate judges in the Middle District of Pennsylvania. Each has ultimately arrived at the same legal conclusions.

to disturb the prior ruling and will deny the plaintiff's motion for reconsideration. An appropriate order will follow.


        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States District Judge**

**Dated: April 2, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-1092-02.wpd