**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIGUEL A. DAVILA,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:11-1092** |
| **v.** | : | **(MANNION, D.J.)** **(SCHWAB, M.J.)** |
| **COMMONWEALTH OF PENNSYLVANIA, *et. al.*,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**[1]

The plaintiff, Miguel Davila, has several claims pending before this court. All of the claims arise from his arrest, prosecution, plea, and incarceration for Driving Under the Influence in state court. More specifically, he challenges the circumstances surrounding the hearing wherein he pled guilty to a third offense DUI before Judge Michael Barasse in the Lackawanna County Court of Common Pleas. His conviction was upheld by the Pennsylvania Superior Court and the Pennsylvania Supreme Court denied leave to appeal. Mr. Davila's sentence was later vacated after his application for Post Conviction Relief (PCRA) was granted by Judge Barasse. The granting of Post Conviction Relief and the effects thereof are at the heart of this motion to reconsider. Mr. Davila seeks relief under Title II of the

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Under *Heck v. Humphrey*, 512 U.S. 477 (1994), if Mr. Davila's civil claims are collateral attacks on his conviction, they must be barred. For the reasons discussed below, the plaintiff's motion for reconsideration will be **DENIED**.

## I. BACKGROUND

The present case has had an extensive procedural history that is well documented on the docket. The plaintiff's amended complaint alleges various deprivations of his rights under the ADA and the RA. (Doc. 8). Presently before the court is the plaintiff's motion for reconsideration of the court's order of March 28, 2014 and a "motion to file a new matter" filed on April 4, 2014. (Doc. 192; 195). After filing these motions the court ordered the parties to brief the *Heck* issue and the effects, if any, of Mr. Davilla's vacated criminal sentence on the underlying conviction. (Doc. 203). On May 9, 2014, the defendants (County of Lackawanna, Lackawanna County District Attorney's Office, Lackawanna County Office of Judicial Records, Lackawanna County Public Defender's Office) filed briefs on this issue. (Doc. 207; 209). The parties have also provided the court with the relevant documents pertaining to the plaintiff's criminal conviction. (Doc. 210). With the briefs received and the record more fully developed, this case is now ripe for the court's decision.

## II. FACTUAL BACKGROUND

Judge Schwab's report and recommendation, (Doc. 185), summarizes the events contained in the plaintiff's lengthy amended complaint. Only the facts relevant to the plaintiff's present motion need be discussed here. The plaintiff alleges that he is mentally disabled and has suffered from bipolar disorder, post-traumatic stress disorder, and depression. In May of 2009, he was involved in an automobile collision and was charged with driving under the influence. On September 10, 2010, the plaintiff pled guilty to a Third Offense DUI. The September 10, 2010, hearing and the voluntariness of that plea are the subject of the present motions. The plaintiff claims that he had arranged to have a State Certified Mental Health Peer Specialist present when the hearing was initially scheduled, but was unable to arrange to have the specialist present when the hearing was rescheduled to September 10, 2010.

The plaintiff further alleges that when he arrived at court, his attorney colluded with the District Attorney's Office and coerced him into pleading guilty. He claims that he was not sentenced that day, but instead was "arrested" and ordered to serve a 90 day term of incarceration. Later in April of 2011, the plaintiff was actually sentenced by Judge Barasse to 90 days incarceration and assessed fines and restitution payments. He further avers that he did not receive credit for the 210 days he previously served. The

plaintiff appealed the conviction and sentence. The plaintiff's plea, conviction, and sentence were all affirmed by the Pennsylvania Superior Court. *Commonwealth v. Davila,* 43 A.3d 515 (Pa. Super. 2012). The Pennsylvania Supreme Court denied leave to appeal. *Commonwealth v. Davila,* 47 A.3d 844 (2012).

The plaintiff later filed his PCRA in the Lackawanna County Court of Common Pleas. (Doc. 210, Exh. A). In his application he offers thirteen allegations of misconduct for which he seeks relief. Six of the allegations are devoted solely to sentencing issues, namely, he alleges that the *sentence* was unconstitutional as applied to him. Five allegations are devoted to discrimination, as he alleges that the *sentence,* as applied, violated his rights under the ADA. His remaining two allegations deal with the length of time before trial and ineffective assistance of counsel. At no point in his PCRA petition does the plaintiff allege that his conviction was invalid or that he was somehow coerced into giving this guilty plea. (Doc. 210 Exh. A). Judge Barasse, however, granted the plaintiff's PCRA petition on March 17, 2014 and vacated his sentence. He further ordered that no penalty shall be imposed. (Doc. 202, Att.1). Judge Barasse's order relates only to his sentence and makes no mention of the plaintiff's guilty plea or conviction.

## III. STANDARD OF REVIEW

Although the plaintiff has filed both a motion for reconsideration and a separate motion "to file a new matter," (Doc. 192), they both request the court revisit its prior decision dismissing several of the plaintiff's claims because they are barred by *Heck*. (Doc.191). The court will treat them as a single motion for reconsideration because the plaintiff is requesting the same relief in both motions. To succeed on a motion for reconsideration, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

## IV. DISCUSSION

For the purpose of this analysis we will assume that the "new evidence" is the limited granting of the plaintiff's PCRA by the Lackawanna County Court. It is noteworthy that the plaintiff's conviction remains in place. As a result his claims remain barred by *Heck*. Under *Heck* the conviction must be invalidated or a civil suit will be barred for collaterally attacking a conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994)

The plaintiff argues that when his PCRA was granted both his sentence

and conviction were invalidated. He is incorrect. Under Pennsylvania Law, his conviction remains valid. An order vacating a sentence "render[s] the vacated sentence void and a nullity; the slate is wiped clean and the court is free to sentence." If there is sufficient evidence to sustain the conviction, it will stand regardless of whether or not the sentence was vacated. *See e.g.* *Commonwealth v. Colding*, 393 A.2d 404, 408 (Pa. 1978). *Commonwealth v. Patterson*, 2014 WL 117535, 5 (Pa. Apr. 28, 2014); *Commonwealth v. DeJesus*, 860 A.2d 102 (2004); *Commonwealth v. Zettlemoyer*, 454 A.2d 937, note 3 (1982); *Commonwealth v. McKenna*, 383 A.2d 174 (1978).

The standard for determining if the evidence is sufficient to sustain a conviction, based on a plea of guilty, is that a reasonable jury could find that the crime was committed beyond a reasonable doubt. *See generally* *In re Winship* 397 U.S. 358 (1970). The record shows that Mr. Davila had an elevated Blood Alcohol Content of between .1 and .16. (Doc. 210 Exh. A). An individual is guilty of Driving Under the Influence if their BAC level is greater than .08. *See* 75 Pa.C.S. §3802. He has not presented any competent evidence to the contrary. Therefore a reasonable jury could determine that Mr. Davila had committed the charged crime beyond a reasonable doubt.

What the plaintiff appears to desire is an adjudication that his guilty plea and subsequent conviction were invalid. However, the proper vehicle for such a determination is to appeal his conviction in state court, which he has already

done, or petition this court for a writ of habeas corpus. Collateral attacks veiled in the form of an ADA or RA complaint are not an acceptable method for what plaintiff seeks. *See e.g.* *Heck*, 512 U.S. at 481.

Because the conviction has not been vacated and is still valid, "habeas corpus is the exclusive remedy [in federal court]...even though such claims may come within the literal terms of §1983". *Id*. "Thus, when a state prisoner seeks damages...the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction...if it would, the complaint must be dismissed." *Id.* at 486. It is true that a claim can continue if the conviction has been previously invalidated through appropriate means, but that is not the issue before the court today. The issue is whether or not the vacated criminal sentence necessarily vacates the conviction. It does not. Judgement in favor of the plaintiff would necessarily invalidate the plaintiff's conviction. As such, the claim cannot continue and must be dismissed, or in this case the motion must be denied because it runs afoul of *Heck*. *See* *Id*.

Furthermore, a claim must be dismissed "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id. at 489.* While the plaintiff's criminal sentence was invalidated by Judge Barrasse's order his conviction was not. In fact, in all 13 allegations, the plaintiff never alleged that the conviction itself was invalid.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Reconsideration is **DENIED**. The case is **REFERRED** back to Judge Schwab to conduct further pretrial proceedings with regard to the live ADA and RA claims brought against the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, Lackwanna County, the Lackawanna County District Attorney's Office, the Lackawanna County Public Defender's Office, and the Lackawanna County office of Judicial Records.[2]

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 24, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2011 MEMORANDA\11-1092-04.wpd

---

[2]The court notes that it is unclear whether any viable claims remain against the Lackawanna County District Attorney's Office, the Lackawanna County Public Defender's Office, and the Lackawanna County office of Judicial Records given their limited involvement in this case and the court's ruling on the *Heck* issue. However, those parties have not filed dispositive motions at this time, so the court cannot determine whether any viable claims still exist.