UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL A. DAVILA,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:11-1092 |
| v. | : | (MANNION, D.J.) |
| | | (SCHWAB, M.J.) |
| **COMMONWEALTH OF PENNSYLVANIA**, *et. al.*, | : | |
| | : | |
| **Defendants** | | |
| | : | |

## MEMORANDUM

The plaintiff, Miguel Davila, has two remaining claims, namely, claims under Title II of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101, *et seq.*, and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§701-797(b). There are two defendants remaining, the Commonwealth of Pennsylvania ("PA") and the Pennsylvania Department of Corrections ("DOC"). Pending before the court are the cross-motions for summary judgment filed by plaintiff, (Doc. 273), and defendants, (Doc. 275). Also pending is the January 20, 2016 report and recommendation of Judge Schwab, (Doc. 300). Judge Schwab recommends that plaintiff's summary judgment motion be denied and that defendants' motion be granted. No timely objections to Judge Schwab's report have been filed and her report will be **ADOPTED**.

The ADA and RA claims are based upon plaintiff's arrest, prosecution, plea, and incarceration for Driving Under the Influence ("DUI") in state court.

Specifically, he challenges the circumstances surrounding the hearing wherein he pled guilty to a third offense DUI before Judge Michael Barasse in the Lackawanna County Court of Common Pleas as well as the subsequent state court proceedings and his incarceration. Plaintiff's plea, conviction, and sentence were all affirmed by the Pennsylvania Superior Court. Commonwealth v. Davila, 43 A.3d 515 (Pa. Super. 2012). The Pennsylvania Supreme Court denied his petition for allowance of appeal. Commonwealth v. Davila, 47 A.3d 844 (2012). Plaintiff's sentence was later vacated after his Post Conviction Relief ("PCRA") Petition was granted by Judge Barasse.

Since the extensive procedural history of this case is well documented on the docket, it will not be repeated herein. (Doc. 185, Doc. 190). The plaintiff's amended complaint alleges various deprivations of his rights under the ADA and the RA, (Doc. 8), as detailed in Judge Schwab's prior and present reports, (Doc. 185, Doc. 300, at 6-7). Plaintiff basically claims that PA and the DOC discriminated against him based on his mental disability. In particular, plaintiff alleges that he is mentally disabled and has suffered from bipolar disorder, post-traumatic stress disorder, and depression. In May of 2009, he was involved in an automobile collision and was charged with DUI. On September 10, 2010, plaintiff pled guilty to a third offense DUI. Plaintiff claims that he had arranged to have a State Certified Mental Health Peer Specialist present when his guilty plea hearing was initially scheduled, but

was unable to arrange to have the specialist present when the hearing was rescheduled to September 10, 2010.

Plaintiff further alleges that when he arrived at court, his attorney colluded with the District Attorney's Office and coerced him into pleading guilty. He claims that he was not sentenced that day, but instead was "arrested" and ordered to serve a 90-day term of incarceration. Later in April of 2011, the plaintiff was actually sentenced by Judge Barasse to 90 days incarceration and assessed fines and restitution payments. He further avers that he did not receive credit for the 210 days he previously served.

After his appeals of his conviction and sentence were denied, plaintiff filed his PCRA petition in the Lackawanna County Court of Common Pleas. (Doc. 210, Exh. A). Five of plaintiff's claims in his petition related to allegations of discrimination, *i.e.*, he alleged that his sentence, as applied, violated his rights under the ADA. In his PCRA petition, plaintiff did not allege that his conviction was invalid or that he was somehow coerced into giving his guilty plea. (Doc. 210 Exh. A). Judge Barasse, however, granted the plaintiff's PCRA petition on March 17, 2014, and vacated his sentence. He further ordered that no penalty should be imposed. (Doc. 202, Att.1). Judge Barasse's order relates only to plaintiff's sentence and did not mention his guilty plea or conviction.

The court in Saunders v. Horn, 960 F.Supp. 893, 897 (E.D.Pa. 1997),

stated:

> The ADA shares a common substantive core with the Rehabilitation Act of 1973, 29 U.S.C. §§701-797(b): both prohibit broad arrays of institutions that serve the public from discriminating against disabled individuals on the basis of disability. [FN2] Indeed, "[w]hether suit is filed under the Rehabilitation Act or under the Disabilities Act, the substantive standards for determining liability are the same." McDonald v. Pennsylvania Department of Public Welfare, 62 F.3d 92, 95 (3d Cir. 1995).
>
>> FN2. Section 504 of the Rehabilitation Act provides:
>>
>> No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....
>> 29 U.S.C. §794(a).
>>
>> Title II of the ADA provides:
>> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.
>> 42 U.S.C. §12132.
>
> *See also* CG v. PA Dept. of Educ., 734 F.3d 229, 235-36 (3d Cir. 2013).

In Title II of the ADA, "public entity" is defined as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 103(8) of the Rail Passenger Service Act [49 U.S.C. §24102(4)] )." 42

U.S.C. §12131(a). The Supreme Court has held that State prisons fall squarely within the statutory definition of "public entity" in Title II of the ADA. Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210, 118 S.Ct. 1952 (1998). However, the language of §12132 applies only to public entities not individuals. Yeskey v. Commonwealth, 76 F.Supp.2d 572, 575 (M.D.Pa. 1999) (holding that individuals are not liable under Title II because it prohibits discrimination in programs of a "public entity" or discrimination "by any such entity" and "public entity" is not defined in Title II to include individuals).

"To prove a claim under either the ADA or RA, Plaintiffs must show that: (1) they are handicapped or disabled as defined under the statutes; (2) they are otherwise qualified to participate in the program at issue; and (3) they were precluded from participating in a program or receiving a service or benefit because of their disability." CG v. PA Dept. of Educ., 734 F.3d at 235 (citing Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 189 (3d Cir. 2009)). "One difference between the ADA and RA is that to bring a claim under the RA, a plaintiff must show that the allegedly discriminating entity receives federal funding." Id. at 235 n. 10 (citing Chambers ex rel. Chambers, 587 F.3d at 189 n. 20).

With respect to plaintiff's summary judgment motion, Judge Schwab correctly concludes that he failed to offer any specific facts supported by evidence in the record to show that he was entitled to judgment on either of

his remaining claims.

Since plaintiff failed to file a paragraph-by-paragraph response to the statement of material facts which PA and the DOC filed in support of their summary judgment motion, their facts are deemed to be admitted. *See* Local Rule 56.1, M.D.Pa.; Carpenter v. Kloptoski, 2012 WL 911558, *1 (M.D. Pa. March 16, 2012) ("Because Plaintiff has failed to file a separate statement of material facts controverting the statement filed by Defendant, all material facts set forth in Defendant's statement [] will be deemed admitted."). Judge Schwab then finds that defendants' undisputed evidence shows that they are entitled to summary judgment regarding plaintiff's claims that he was segregated and denied access to services during his temporary confinement at SCI-Camp Hill due to his disability. Judge Schwab also finds that since plaintiff failed to offer any evidence that he was injured regarding his claims that defendants did not notify him of his rights under the ADA and RA and did not designate an employee to coordinate his rights under these statutes, defendants are entitled to summary judgment on these claims. She cites to Stone v. New Jersey Admin. Office of the Courts, 557 Fed.Appx. 151, 154 (3d Cir. 2014), for support.

Regarding his request for injunctive relief seeking changes to the DOC policies, Judge Schwab finds plaintiff lacks standing since he failed to show that he is in imminent danger of suffering harm in the future because he

already served his prison sentence and there is no basis to believe that he will again be subjected to the polices that allegedly violated the ADA and RA. See Mestre v. Wagner, 502 Fed.Appx. 129, 131 (3d Cir. 2012) (citing Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.").

Further, Judge Schwab recommends that plaintiff's claims for punitive damages be dismissed since they are not available in private suits under Title II of the ADA and §504 of the RA. *See* Barnes v. Gorman, 536 U.S. 181, 122 S.Ct. 2097 (2002). She also recommends that plaintiff's request for attorney's fees be dismissed since he is proceeding *pro se* in this case. Kay v. Ehrler, 499 U.S. 432, 438 (1991). In fact, the court already dismissed these claims for relief in its March 28, 2014 Order, (Doc. 191).

Finally, Judge Schwab correctly recommends that since the court previously dismissed the claims against Lackawanna County Court related to plaintiff's criminal proceedings and since plaintiff is raising similar claims against PA as the head of the unified judicial system, it should also dismiss these same claims against PA. *See* March 28, 2014 Memorandum and Order, (Doc. 190, Doc. 191). Judge Schwab notes that "[t]he Commonwealth vests judicial power in a unified judicial system, Pa. Const. Art. V, §1, and all courts and agencies of the UJS are part of the Commonwealth government rather

than local entities." Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008).

When no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72 (b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d. Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed each of the recommended bases provided by Judge Schwab for granting PA and DOC's summary judgment motion regarding plaintiff's ADA and RA claims in his amended complaint. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 7, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2011 MEMORANDA\11-1092-05.wpd